THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLEE L. GUNNING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RIVERSOURCE LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C21-1600-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 86) of this Court's order granting in part and denying in part Plaintiff's motion for partial summary judgment and denying Defendant's cross-motion for summary judgment (Dkt. No. 82). Having thoroughly considered the relevant record, the Court hereby DENIES the reconsideration motion for the reasons explained herein.

Motions for reconsideration are generally disfavored. LCR 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Here, Defendant argues the Court committed manifest error in four ways.

First, Defendant says the Court relied on the false premise that Defendant failed to show

ORDER
C21-1600-JCC
PAGE - 1

bona fide statistical differences in risk or exposure for functional assessment underwriting. (Dkt. No. 86 at 2–3.) Defendant argues that it used medical underwriting, rather than functional assessment underwriting to evaluate Plaintiff's application. (*Id.* at 2 n.2.) However, as the Court noted in its order, Defendant failed to present evidence or data supporting such bona fide statistical differences in risk or exposure.[1] (Dkt. No. 82 at 9.) This is true regardless of the underwriting method Defendant used.

Second, Defendant argues the Court committed manifest error by not considering two relevant insurance decisions. Defendant argues *Brown v. Superior Underwriters*, 632 P.2d 887 (Wash. App. 1980), and *American Home Assurance Company v. Cohen*, 815 F. Supp. 365 (W.D. Wash. 1993), *aff'd*, 67 F.3d 305 (9th Cir. 1995), support its argument that employee testimony is admissible evidence of bona fide statistical differences in risk or exposure. (Dkt. No. 86 at 3–5.) However, the cases cited do not support Defendant's position. In *Brown*, the court did not reach the exception for bona fide statistical differences because it concluded there was no discrimination.[2] 632 P.2d at 306–07. And in *American Home*, the court relied on specific statistics submitted by the insurance company backing up its claim that certain claims presented increased risk. 815 F. Supp. at 371, 373. Defendant did not present comparable evidence to back up its claims here. Accordingly, it was not manifest error for the court not to consider these cases.

---

[1] Defendant also notes the Court incorrectly stated it is "undisputed" that the ASR is an insurance contract. (Dkt. No. 86 at 3 n.8.) However, although Defendant did describe the ASR as an add-on to a life insurance contract, (Dkt. No. 31 at 4), Defendant did not ever dispute Plaintiff's assertion that the ASR is an insurance contract. (Dkt. No. 19 at 19.) Moreover, the issue of whether the ASR is an insurance contract does not impact the Court's conclusions. RCW 49.60.030 prohibits discrimination in insurance *transactions*, which include "[t]ransaction[s] of matters subsequent to execution of the [insurance] contract and arising out of it." RCW 49.01.060. The application for the ASR is a transaction that arises out of the insurance contract and so RCW 49.60.030 applies.

[2] Moreover, the court in *Brown* does not state testimony was admissible evidence to demonstrate bona fide statistical differences, as Defendant asserts. In fact, the word testimony does not appear in the *Brown* decision other than in the headnotes, which hold no precedential value.

  Third, Defendant argues the Court improperly "indulge[d] in conjecture, guesswork, or speculation" when it stated one of Defendant's arguments was a "logical fallacy." (Dkt. No. 86 at 5.) However, the Court did not speculate as to whether Defendant did or did not deny Plaintiff's application because of her diagnosis. Rather, the Court pointed out that Defendant's repeated assertion that it has accepted other applicants with a diagnosis of bipolar disorder does not support its conclusion that it did not discriminate against Plaintiff. (Dkt. No. 82 at 9.) Stated differently, the fact that other applicants with a diagnosis of bipolar disorder were accepted does not affirmatively prove or disprove that Plaintiff was discriminated against here.

  Fourth, Defendant argues the Court erred by striking as hearsay testimony from individuals who have worked with the Swiss Re Guide about what they think the guide says. (Dkt. No. 86 at 5–6.) But the rule and cases Defendant cites only support the admissibility of the guide itself. *See* Fed. R. Evidence 803(17); *Point Ruston v. Pacific NW Regional Council of United Brothers of Carpenters*, 2010 WL 3720277 (W.D. Wash. 2010) (admitting a hotel industry report); *United States v. Meo*, 15 F.3d 1093 (9th Cir. 1994) (admitting blue book valuations of vehicles). These cases do not, however, stand for the proposition that employee testimony about the contents of the guide should be admissible. There is no error here.

  For the foregoing reasons, Defendant's motion for reconsideration (Dkt. No. 86) is DENIED.

  DATED this 30th day of December 2022.

                _____
                John C. Coughenour
                UNITED STATES DISTRICT JUDGE