THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLEE L. GUNNING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RIVERSOURCE LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C21-1600-JCC<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's motion to extend the discovery deadline[1] (Dkt. No. 87) and Plaintiff's motion to seal (Dkt. No. 91). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion and GRANTS Plaintiff's motion for the reasons explained herein.

　　　　Defendant asks the Court to allow it to disclose information after the discovery deadline. (Dkt. No. 87.) The Court's scheduling order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). The focus of inquiry for deciding whether such good cause exists is whether the party seeking modification has been diligent. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings,*

---

[1] Defendant cites to Rule 37(c). However, because the discovery deadline has passed, a motion to compel is procedurally improper. Nonetheless, the Court will consider Defendant's request as a motion to extend the discovery deadline under Rule 16.

ORDER
C21-1600-JCC
PAGE - 1

*LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *see also Shafer v. C.R. Bard, Inc.*, Case No. C20-1056-RSM, Dkt. No. 26 (W.D. Wash. 2021) (denying extension of discovery deadline because Plaintiff did not act diligently).

Here, Defendant argues that it was unable to locate Tom McCarthy until recently and did not know it would need to produce the contents of the Swiss Re Life Guides. (Dkt. No. 94 at 5.) But the fact remains that information about the guide was readily available to Defendant, but Defendant chose not to present it. (Dkt. No. 94 at 5) ("[Defendant] believed it had all the evidence it needed to support its argument.") Defendant was not diligent in seeking out this information, and so an extension of the discovery deadline is not proper. Defendant cannot now have a second bite at the apple to introduce more evidence to support its defense. Accordingly, Defendant's motion (Dkt. No. 87) is DENIED.

Plaintiff requests fees incurred in responding to Defendant's motion. (Dkt. No. 90 at 12.) However, Rule 16(f)(1)(C) provides for fees only if a party "fails to obey a scheduling or other pretrial order." Defendant has not failed to obey a previous order—rather it seeks relief from the order—so Plaintiff's request for fees is DENIED.

Plaintiff also asks the Court to seal its supporting exhibit pursuant to the stipulated protective order. (Dkt. No. 91.) Although there is a presumption in favor of public access to court records, a party may overcome that presumption by presenting facts showing that compelling reasons for keeping the filings sealed outweigh the public's interest in the filings. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Here, the material at issue contains proprietary information provided by a third party for purposes of litigation. This is a compelling reason to keep the filing under seal and Plaintiff's motion (Dkt. No. 91) is GRANTED.

//
//
//

DATED this 30th day of January 2023.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE